IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN CONTRERAS,

                    Plaintiff,

    v.                                          OPINION and ORDER

ANDREW SAUL,                                19-cv-669-jdp
Commissioner of the Social Security Administration,

                    Defendant.

---

        Plaintiff Juan Contreras seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Contreras not disabled within the meaning of the Social Security Act. Contreras contends that the administrative law judge (ALJ), William Shenkenberg, erred by: (1) failing to adequately consider Contreras's subjective complaints; and (2) discounting the opinion of Contreras's treating provider without adequate explanation. Because the court agrees with both contentions, the court will remand the case for further proceedings. The oral argument scheduled for April 23, 2020, is canceled.

ANALYSIS

        Contreras seeks benefits for disability beginning on January 26, 2016. In a September 2018 decision, the ALJ found that Contreras suffered from three severe impairments: (1) degenerative disc disease of the cervical spine; (2) chronic pancreatitis; and (3) diabetes mellitus. In light of these impairments, the ALJ found in his residual functional capacity assessment (RFC) that Contreras can perform light work, with the additional restrictions that he can occasionally climb ladders, ropes, or scaffolds; occasionally stoop or crawl; frequently

climb ramps or stairs; and frequently balance, kneel, or crouch. R. 20.[1] Relying on the testimony of a vocational expert, the ALJ found that Contreras could perform his past job as a test technician, as well as other light jobs, such as office helper, bench assembler, molding machine tender, and electronics worker.

## A.  Subjective complaints

Contreras's main subjective complaint was that his chronic pancreatitis caused severe pain. His hearing testimony and other statements in the record reflect the following:

- he experienced between two and five pancreatic pain attacks a week, R. 45.

- he was often "unable to make it to work" when his chronic pancreatitis flared; even when he could go to work, he was unable to "sit for to[o] long" or "concentrate on the task to be p[er]formed," R. 226;

- he couldn't fall asleep or stay asleep through the night, R. 227;

- he "d[idn't] always eat d[ue] to pain," R. 227;

- he lost a job because the pain caused him to miss work until he had "used all [of his] FMLA days," R. 234;

- "[w]hen his pain is great, [it is] difficult to change clothes," R. 260;

- "at times" he would skip bathing or shaving due to pain, R. 260;

- he was unable to eat "most days"—only "2x weekly" at the time he filed out his second function report, R. 261.

- attacks typically consisted of a "jabbing" sensation in his gut every two to three minutes, and these attacks could last "up to a week," R. 46;

- he has to "go lay down" when he experiences an attack, R. 48;

- he has a hard time maintaining focus while "trying to handle the pain that's coming through," R. 48;

---

[1] Record cites are to the administrative transcript, located at Dkt. 12.

- he used the bathroom "more often than usual," especially before the onset of a severe pain episode, R. 50.

Contreras also testified that treatment afforded only limited and temporary relief from the pain.[2]

Both the ALJ and the parties have assumed that Contreras would be disabled if his description of his symptoms was accurate. But the ALJ stated that Contreras's testimony was "not entirely consistent with the medical evidence and other evidence in the record." R. 21. The court of appeals has criticized similar boilerplate in multiple opinions, *e.g., Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016), but the substantive issue is whether "the ALJ otherwise identifies information that justifies the credibility determination." *Moore v. Colvin*, 743 F.3d 1118, 1122 (7th Cir. 2014).

The ALJ did not identify the record evidence that he relied on to support his determination regarding Contreras's subjective complaints. No portion of the decision is expressly devoted to the ALJ's assessment of the subjective complaints. Rather, most of the discussion is a description of the medical evidence without evaluation or analysis. The ALJ's discussion of Contreras's pancreatitis is limited to a single, nine-line paragraph about the symptoms reflected in Contreras's medical records ("chronic abdominal pain, nausea, and

---

[2] *See* R. 39 ("I have pain now, but it's like, more like a dull burning pain. I have my TENS unit on to try to, you know, help, so I can keep talking with you."); R. 42 (noting that he received plexus blocks every three months, and that at best they afforded "at least a week" of pain relief); R. 44 (noting that tai chi gave him "limited relief"); R. 44–45 (testifying that muscle relaxants offer occasional relief, but that when he's "actually having a full outbreak, they don't. I'd have to, like, lay down or run a hot bath and lay in there to get everything to finally calm down."); R. 49 (heating pads and ice packs offered occasional relief). Contreras also said that he "tried not eating" as a means of reducing his pain, subsisting instead on "Carnation instant drinks, or chicken broth," which "kind of helped." R. 46. He said that his weight had fluctuated as a result, from 190 at his heaviest to 130 earlier that year. R. 38–39.

vomiting, diarrhea, and appetite loss"); relevant diagnostic findings ("numerous pancreatic parenchymal calcifications consistent with chronic calcific pancreatitis"); and the treatment methods Contreras had tried ("celiac plexus blocks, medication, tai chi, and TENS unit"). R. 21. The ALJ then states, without citation to the record, that "[t]he medical records show the treatment modalities do not eliminate the pain but do help to reduce the intensity. The pain from chronic pancreatitis occurs only episodically and is at least somewhat relieved by the treatment regimen." *Id.*

The ALJ's pancreatitis paragraph does not explain how Contreras's testimony was "not entirely consistent with the medical evidence and other evidence in the record." The commissioner, in his brief to this court, attempts to fill this gap by highlighting various notes from Contreras's medical records that he says show that Contreras overstated the severity of his symptoms. For example, he cites records in which Contreras is documented as reporting to health care providers that his abdominal pain "comes and goes," R. 542, that plexus blocks had "helped him some," R. 728, and a TENS unit "ha[d] been helpful." R. 748. But these notes merely reinforce Contreras's testimony that his pain was intermittent and that certain treatments provided limited, temporary relief. Neither the ALJ nor the commissioner has explained how the modest relief provided by treatment would enable Contreras to work full time.

There may be evidence in the medical record that undercuts Conteras's account of the intensity of his symptoms, but the commissioner doesn't cite it in his brief. Even had he done so, the commissioner may not "defend the agency's decision on grounds that the agency itself had not embraced." *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943)). The commissioner argues that the ALJ *did* rely on the

records he highlights in his brief, as indicated by the ALJ's citations to the overall exhibits from which the records came. *See, e.g.*, R. 21 ("The claimant reports his symptoms including chronic abdominal pain, nausea, and vomiting, diarrhea, and appetite loss (*Exhibit 2F, 3F*)." (emphasis added)). But none of the ALJ's general summaries of the record or the specific records highlighted by the commissioner are inconsistent with Contreras's testimony. And the ALJ's citation to entire exhibits, many of which contain hundreds of pages, does not give the commissioner license to cherry-pick specific pages from those exhibits and assert that the ALJ relied on them.

The court concludes that the ALJ's analysis of Contreras's subjective symptoms was not supported by any evidence, let alone substantial evidence. *See Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) ("Though an ALJ's credibility determination may only be overturned if it is 'patently wrong,' a failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." (internal quotations omitted)). The ALJ will need to revisit Contreras's subjective descriptions of his symptoms on remand.

## B.  Opinion evidence

Contreras also contends that the ALJ erred by discounting the opinion of his gastroenterologist, Dr. Amandeep Kalra.[3] R. 22. At the time Contreras filed his claim, agency policy instructed  ALJs to generally give more weight to treating-source medical opinions than to examining or consultative-source opinions, because treating sources "are likely to be the

---

[3] Contreras does not challenge the ALJ's handling of the other two opinions in the record, both of which were provided by agency consultants. The ALJ gave these opinions only "some weight" after concluding that the consultants hadn't had access to the most recent available evidence and had failed to adequately consider both the combined effect of Contreras's impairments and his subjective complaints. R. 22.

medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). "A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (citing 20 C.F.R. § 404.1527(d)(2)). "An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so." *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)(2)).

Kalra's opinion is in a four-page "gastrointestinal residual function capacity questionnaire." Kalra noted that Contreras suffered from chronic pancreatitis that caused chronic diarrhea, abdominal pain and cramping, and fatigue. R. 835. He described Contreras's abdominal pain as "sharp pain in the upper abdomen" that could last "for hours to days" and would "frequently" be severe enough to interfere with the attention and concentration necessary to perform simple work tasks. R. 835, 836. He opined that Contreras would likely be absent from work more than four days per month; that he was limited to jobs that permit shifting position at will from sitting, standing, or walking; and that he needed ready access to a restroom and would need to take unscheduled restroom breaks between three and ten times per day. R. 837, 838.

The ALJ assigned Kalra's opinion little weight, concluding that it was "not well-supported by the evidence of record." R. 22. Contreras says that Kalra's opinion was consistent with the record and that the ALJ erred by discounting it. He notes that the ALJ didn't

specifically discuss the regulatory factors outlined in 20 C.F.R. § 404.1527(c), which instruct the ALJ to consider the length, nature, and extent of the treating provider's relationship with the claimant; the supportability of the medical opinion and its consistency with the record as a whole; whether the medical source has a relevant specialty; and any other relevant factors. Contreras is right that the ALJ did not explicitly address these factors, but failure to explicitly discuss each regulatory factor is typically not a stand-alone basis for remand. *See, e.g.*, *Elder v. Astrue*, 529 F.3d 408, 415–16 (7th Cir. 2008).

More substantively, Contreras contends that the reasons the ALJ gave for discounting Kalra's opinion weren't supported by the record evidence. The court agrees in part: the ALJ failed to adequately justify his decision to discount Kalra's opinion about the frequency of Contreras's pancreatic pain attacks.

In explaining why he was discounting Kalra's opinion that Contreras's pain attacks would interfere with his ability to work and cause him to miss more than four days of work per month, the ALJ stated:

> While the evidence shows the claimant suffers episodic pain caused by chronic pancreatitis, the evidence does not support a finding that the episodic pain from flare up occurs often enough to frequently interfere with the claimant's ability to work or would cause the claimant to be absent from work four or more days per month.

*Id.* The ALJ didn't identify what record evidence he believed contradicted Kalra's conclusion regarding the frequency of Contreras's flare-ups. An ALJ must explain purported inconsistencies with enough detail to allow the reviewing court to understand the link between the evidence and the ALJ's decision. *See Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015) (ALJ must "adequately articulate" how evidence was inconsistent). And because the ALJ

declined to incorporate any attendance-related limitations in Contreras's RFC, this omission was not harmless and it requires remand.

But the court concludes that the ALJ adequately explained his decision to reject Kalra's opinion about the frequency with which Contreras would need to use the bathroom. In explaining his decision to discount Kalra's opinion that Contreras would need accommodations related to frequent diarrhea, the ALJ said that "while the records indicate the claimant has suffered from some bouts of diarrhea on occasion, there is no evidence showing that diarrhea is a consistent complaint (Exhibits 2F and 3F). In fact, the most recent treatment notes suggest the claimant may have been having problems with constipation (Exhibit 14F/10)." In contrast with his analysis of the frequency of Contreras's pain attacks, the ALJ did cite record evidence that he believed was inconsistent with Kalra's opinion.

Contreras's cites only two records showing that he suffered from diarrhea. *See* R. 569 (September 9, 2016 treatment note indicating that Contreras had experienced "diarrhea and a decrease in appetite"); R. 679 (May 9, 2017 treatment note indicating that Contreras was experiencing nausea, vomiting, and diarrhea). Contreras's healthcare providers indicated that they believed the 2017 episode of diarrhea was "likely viral." R. 745. Because Contreras has pointed to only one instance in which he was documented as experiencing pancreatitis-related diarrhea, the ALJ did not err by declining to credit Kalra's opinion that Contreras would need to take unscheduled restroom breaks between three and ten times per day.

## C. Conclusion

The court concludes that the ALJ failed to conduct an adequate evaluation of Contreras's subjective complaints and failed to justify his decision to discount Kalra's opinion about the frequency of Contreras's pain attacks. On remand, the ALJ must re-evaluate

Contreras's subjective reports of symptoms and re-weigh Kalra's opinion, taking into consideration the court's rulings in this decision.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of the Social Security Administration, denying plaintiff Juan Contreras's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The oral argument scheduled for April 23, 2020, is CANCELED.

Entered April 15, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge