IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN CONTRERAS,

                Plaintiff,

v.                                                  ORDER

KILOLO KIJAKAZI,                              19-cv-669-jdp
Acting Commissioner of Social Security

                Defendant.[1]

---

    Meredith E. Marcus, counsel for plaintiff Juan Contreras, has filed a supplemental motion for fees under 42 U.S.C. § 406(b). Dkt. 28. In March 2022, this court approved counsel's initial request for § 406(b) fees in the amount of $23,359.25, which represented 25 percent of Contreras's past-due benefits at that time. Dkt. 27. In her supplemental motion, counsel represents that after the court awarded fees, the Social Security Administration awarded additional past-due benefits to P.L.C., a dependent of Contreras, in the amount of $49,278.00. Counsel now seeks an additional fee award from those past-due benefits in the amount of $11,090.75. So, when added to the fees already awarded, counsel is requesting the court to award her a total of $34,450 in attorney fees, which is about 24 percent of Contreras' total past-due award of $142,715.

    Under Section 406(b), a court may award for representation "before the court . . . a reasonable fee . . . not in excess of 25 percent" of past-due benefits awarded. Although the language of § 406(b)(1) only refers to benefits to which a claimant himself is entitled, the Supreme Court has clarified that counsel is entitled to include 25 percent of a dependent's

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

past-due benefits in her requested fee. *Hopkins v. Cohen*, 390 U.S. 530, 534-35 (1968). Here, counsel's fee request is under 25 percent of the amount awarded to Contreras and his dependent, but the court still must review it for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 809 (2002); *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

As part of the independent check on the reasonableness of the fee award, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire*, 873 F.2d at 979, 983).

Here, the total amount of time that counsel's firm spent on this case for proceedings in this court was 34.45 hours. Of the 34.45 hours, 28.8 hours were attorney time and the remainder was for counsel's legal and office assistants. Dkt. 28-4. If all the time is considered, the effective hourly rate is $1,000; if only attorney time is considered, the hourly rate is $1,196. (The acting commissioner, who takes the position that counsel's requested fee is unreasonable, proposes a ratio of 2.5 non-attorney hours to 1 attorney hour, which results in an hourly rate of $1,089.32. *See* Dkt. 29.) An equivalent hourly rate of $1,000–$1,200 is on the high end of

rates typically approved for comparable amounts of work, so it warrants careful review for reasonableness.

The court is satisfied that a total award of $34,450 is a reasonable amount to award counsel for the work performed in this case. Contreras' counsel submitted a 16-page opening brief and a 6-page reply, in which counsel argued that the ALJ had erred in evaluating Contreras' subjective complaints about pancreatic pain and in weighing the medical opinions. Dkt. 17, Dkt. 20. The court agreed on both counts. Thus, counsel's targeted arguments led to this court remanding this case and in turn, to a favorable finding and an award of benefits by the ALJ on remand. In addition to the past-due benefits, Contreras will receive a future monthly cash benefit of $1,712, his dependent will receive $736 a month, and both are eligible for Medicare. Contreras' legal team achieved excellent results for their client in an efficient manner, reflecting their many years of experience litigating social security disability cases. Taking these factors into account, along with the risk of non-recovery and attorneys' fees awarded in similar cases in this district, the court finds no reason here to reduce the amount of fees sought by counsel, which is $1,229 less than the full 25 percent authorized by the fee agreement. *See Evans v. Berryhill*, No. 12-CV-888-JDP, 2018 WL 835172, at *2 (W.D. Wis. Feb. 13, 2018) (awarding fees at implied hourly rate of $1,000); *Pazour v. Saul*, 16-cv-20-wmc, dkt. 22 (same); *Heise v. Colvin*, 14-cv-739-jdp dkt. 35 (awarding fees at implied hourly rate of $1,100 for attorney time).

ORDER

IT IS ORDERED that Meredith E. Marcus's supplemental motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 28, is GRANTED. The court approves a supplemental representative fee of $11,090.75.

Entered May 17, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge